IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 18, 2015

## MALIK JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 102940      Steven Wayne Sword, Judge**

_____

**No. E2015-00106-CCA-R3-PC – Filed September 24, 2015**
_____

Petitioner, Malik Jones, entered guilty pleas in three separate cases, resulting in a total effective sentence of thirty-one years. Petitioner then sought post-conviction relief on the basis of an involuntary guilty plea and ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. Because Petitioner has failed to provide clear and convincing evidence that he received ineffective assistance of counsel or that his plea was involuntary, we affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee for the petitioner, Malik Jones.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Charme P. Allen, District Attorney General; and Phil Morton, Assistant District Attorney General, for the respondent, State of Tennessee.

### OPINION

On July 31, 2013, Petitioner entered guilty pleas in Knox County in case numbers 100466, 100949, and 101032. As a result of the guilty pleas, Petitioner received a total effective sentence of thirty-one years, to be served consecutively to the sentence for Petitioner's prior aggravated assault conviction, for which he was on probation at the time of these offenses.

In case number 10046, Petitioner was indicted for two counts of aggravated burglary, five counts of especially aggravated kidnapping, two counts of aggravated robbery, two counts of attempted aggravated robbery, three counts of felon in possession of a weapon, one count of employing a firearm during the commission of a dangerous felony, and one count of evading arrest.[1] The charges stemmed from Petitioner's involvement in a home invasion and robbery where children were present. He then evaded arrest after the crime. Petitioner pled guilty to two counts of especially aggravated kidnapping, one count of aggravated robbery, one count of attempted aggravated robbery, one count of aggravated burglary, one count of employing a firearm during the commission of a dangerous felony, one count of felon in possession of a firearm, and one count of misdemeanor evading arrest in exchange for a total effective sentence of twenty years. The remaining counts were merged into Petitioner's guilty-pleaded convictions.

In case number 100949, Petitioner was indicted on five counts of possession of more than .5 grams of cocaine with intent to sell within a Drug Free School Zone, two counts of criminal trespass, and one count of public intoxication.[2] The charges arose after Petitioner was arrested on the grounds of Knoxville Community Development Corporation ("KCDC") for criminal trespass. A search incident to arrest revealed cocaine packaged for resale in his pocket. Petitioner entered a guilty plea to one count of possession of more than .5 grams of cocaine with the intent to sell, a Class B felony. In exchange for the guilty plea, the state agreed to drop the Drug Free Zone enhancement and all other counts of the indictment. Petitioner received a sentence of eight years as a Range I, standard offender to be served consecutively to the twenty-year sentence in case number 100466.

In case number 101032, Petitioner was indicted on one count of simple possession of a Schedule III controlled substance, third or subsequent offense; three counts of felon in possession of a weapon; evading arrest; and criminal trespass. Petitioner was discovered on KCDC property after having been placed on the trespass list, ran when approached by police, and was discovered in possession of a handgun. Petitioner entered a guilty plea to one count of felon in possession of a firearm with a sentence of three years as a Range I, standard offender to be served consecutively to the eight-year sentence in case number 100949. The remaining charges were dismissed.

Petitioner filed a timely pro se petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel and that his guilty plea was

---

[1] This information is gleaned from the transcript of the plea hearing and the plea submission form. The judgments and the indictments do not appear in the record on appeal.

[2] Again, this information is taken from the transcript of the plea hearing and plea submission form.

unknowingly and involuntarily entered. Counsel was appointed and an amended petition was filed. In the amended petition, Petitioner additionally asserted that trial counsel failed to fully explain his sentences and that his guilty plea was the "result of coercion by the insistence of his trial counsel that he plead guilty and the emotional pressure applied to him by his . . . mother's concern."

At the post-conviction hearing, Petitioner testified that he was originally represented by a court-appointed attorney other than trial counsel. Petitioner had difficulty communicating with this attorney so the trial court removed him from the case and replaced him with trial counsel. Once Petitioner met with trial counsel, he requested that trial counsel subpoena one of the accomplices, reschedule the trial date, and file a motion to set aside his conviction in the kidnapping case. He was disappointed that trial counsel failed to comply with these requests. Trial counsel instead filed a motion to suppress the evidence in Petitioner's drug-related arrest. There was a suppression hearing held on the motion, but Petitioner did not recall the result of the hearing.

Petitioner admitted that trial counsel discussed the kidnapping related charges and possible sentences. Additionally, trial counsel provided him with statements from victims and accomplices. From the statements, trial counsel opined that the victims would identify Petitioner as the perpetrator who possessed the gun during the robbery and kidnapping. Trial counsel explained that even if Petitioner was not found to be in possession of the gun, he could still be convicted under a theory of criminal responsibility.

Petitioner claimed that trial counsel only discussed the kidnapping and robbery case with him prior to the plea and did not discuss the other charges. However, on cross examination, Petitioner acknowledged that trial counsel informed him in detail about the elements of the drug-related offenses and the possible punishment if he chose not to accept the guilty plea. Petitioner also claimed trial counsel did not explain the plea agreement in full. Specifically, he complained that trial counsel failed to explain the difference between concurrent and consecutive sentences. Despite this complaint, Petitioner acknowledged that he understood the definition of the term consecutive. Petitioner admitted that he was serving a sentence for aggravated assault at the time of the plea hearing but that he was not aware that this sentence would be required to be served consecutively to the sentence he received as a result of the plea.

Petitioner claimed trial counsel wanted him to accept the plea offer because there was no trial strategy. To support his argument, Petitioner pointed to a discussion he had with trial counsel wherein trial counsel told him if he lost at the kidnapping trial he would receive fifteen to twenty years on each count and "the best thing [he could] do [wa]s to plea out and take the twenty years." Petitioner sought a new attorney, but the trial court denied his request.

Petitioner explained that he discussed the case and the plea agreement with both trial counsel and his mother at the plea hearing. Petitioner's mother told him to take the plea agreement if he wanted to spend time with her outside of an institution. This made Petitioner feel "forced" to accept the plea agreement.

Petitioner admitted that he signed and received the rights waiver form and that trial counsel attempted to explain the "complicated" form. However, again Petitioner insisted that trial counsel did not go over each individual count or explain the entire plea agreement. Petitioner testified that he responded to the questions from the trial court during the plea agreement in order to avoid rejection of the agreement by the trial court. Petitioner admitted that he had familiarity with the criminal justice system from his juvenile weapon and drug charges. Petitioner had previously pled guilty to aggravated assault. He maintained, however, that he did not commit the offense but pled guilty only because he was identified as the shooter.

Trial counsel testified that he met with Petitioner on numerous occasions prior to the plea, reviewed the court file and discovery, and hired a private investigator. Trial counsel informed Petitioner as to the length of each possible sentence. Trial counsel explained to Petitioner that he would most likely be a Range I offender. Trial counsel discussed the possible enhancement and mitigating factors and distinguished concurrent versus consecutive sentences. Trial counsel testified that he thought Petitioner understood everything they discussed.

Trial counsel noted the severity of the charges faced by Petitioner prior to the plea, including the federal implications of Petitioner's charges. Trial counsel was also aware of the fact that Petitioner was on probation for aggravated assault at the time of the drug-related offenses and was on bond for the drug-related offenses when he committed the kidnapping crimes.

Trial counsel attempted to negotiate a plea agreement while preparing for trial. Trial counsel admitted that he was prepared for the kidnapping trial but that the drug-related case had several unresolved pretrial issues. Trial counsel believed that Petitioner would be convicted of all the counts in each case but wanted to try to prove that the kidnapping was incidental to the robbery. Despite this theory, trial counsel recognized that the minor victims could identify Petitioner. Additionally, one of the accomplices had already pled guilty to charges relating to the incident, and his statements could have been used against Petitioner at trial.

Trial counsel recalled that Petitioner's family came to court on the day of the trial. Trial counsel was surprised because Petitioner's family had not been very supportive up to that time. Petitioner met with his family who encouraged him to take the plea

agreement. Petitioner accepted the agreement after trial counsel wrote it out and explained it in detail.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. Later, in a written order, the post-conviction court denied relief. Petitioner now appeals.

*Analysis*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). A defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*,

945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id*. In the context of a guilty plea, the specific inquiry is whether "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *Burns*, 6 S.W.3d at 461. This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Once a defendant enters a guilty plea, the effectiveness of counsel is only relevant to the extent that it affects the voluntariness of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "To pass constitutional muster . . . a guilty plea must be entered knowingly,

voluntarily, and intelligently." *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010) (citations omitted). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)). "[T]he standard of inquiry is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Ward*, 315 S.W.3d at 465 (citation and internal quotation marks omitted). "If the accused is to make a 'voluntary and intelligent choice among the alternative courses of action' available to him, counsel must advise the accused, among other things, of the choices that are available to him as well as the probable outcome of these choices." *Parham v. State*, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994) (footnotes omitted). When assessing the validity of a guilty plea, a court must look at the totality of the circumstances, including such factors as:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904).

The record presented on appeal supports a determination that Petitioner failed to demonstrate that, but for the alleged deficiencies of counsel, he would have rejected the plea agreement and insisted upon a trial. Petitioner did not present sufficient testimony at the hearing to show that he would have insisted upon proceeding to trial or that he did not understand that some of his convictions would be served consecutively. Moreover, the post-conviction court found Petitioner's testimony at both the plea hearing and the post-conviction hearing belied this claim, noting that the "transcript of the plea hearing clearly indicates that the consequences of the plea were explained in detail to the Petitioner." Petitioner conceded that he had prior experience with the criminal justice system. Additionally, although he claimed he was not apprised of the contents and effect of the plea agreement, Petitioner agreed to enter the plea after extensive questioning from the trial court with regard to his understanding of the agreement and his satisfaction with counsel's representation. Finally, Petitioner conceded at the post-conviction hearing that trial counsel had discussed the facts of the case with him. Petitioner failed to show that the plea was unknowing and involuntary. Petitioner failed to show by clear and convincing evidence that trial counsel's performance in association with the guilty plea was deficient or that he was prejudiced by the alleged deficiencies.

Likewise, with regard to trial counsel's alleged ineffectiveness, Petitioner admitted that he informed the trial court during the plea acceptance hearing that he was satisfied with trial counsel's representation. Trial counsel testified that he had a trial strategy, was prepared for trial despite several unresolved pretrial issues, and that he had discussed the merits of the case with Petitioner. The post-conviction court accredited this testimony, noting that Petitioner "may not be happy with the lengthy sentence he faces, [but] the court finds the Petitioner fully knew what he was doing when he pled guilty and that he entered the agreement voluntarily." The record supports this finding, and the post-conviction court's credibility determinations cannot be reviewed on appeal by this Court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578).

*Conclusion*

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____

TIMOTHY L. EASTER, JUDGE